UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON ABADI,<br><br>        Plaintiff(s),<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC., et al.,<br><br>        Defendant(s). | Case No. 2:22-cv-00285-CDS-NJK<br><br>ORDER<br><br>[Docket No. 1] |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1. Also pending before the Court is the order for Plaintiff to show cause. Docket No. 4. Plaintiff filed a response. Docket No. 5. These matters are properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

Plaintiff is proceeding without a lawyer[1] and is attempting to advance this lawsuit without paying the filing fee. On February 14, 2022, Plaintiff filed an application to proceed *in forma pauperis* in which he swore that (1) he has had no income for the preceding 12 months, other than monthly SNAP benefits of $250; (2) he has no cash, no money in a checking account, and no money in a savings account; and (3) he owns no items of value of any kind, such as a car or real estate. Docket No. 1 at 1-2. These attestations are at odds with other information in the record, including that Plaintiff spends significant time and resources enjoying hotels and casinos, *see, e.g.*, Docket No. 1-1 at ¶¶ 22-40; Docket No. 1-2 at 58, and that he holds himself out as a CEO of a company, *see, e.g.*, Docket No. 1-2 at 56. Notably, the entire thrust of the complaint is that Plaintiff was allegedly denied the opportunity to gamble when he wanted to do so. *See, e.g.*, Docket No.

---

[1] The Court construes Plaintiff's filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

1-1 at ¶ 22 ("I wanted to play at the blackjack tables at the casino"); *id.* at ¶ 27 ("I proceeded to the casino to play for a bit"); *id.* at ¶ 40 ("Every year I spend many nights in a Caesars hotel/casino. For the last year and a half, I was denied that right"); *id.* at ¶ 41 (referencing "certainly more than ten" casinos in which Plaintiff sought to gamble).

Given that tension in the record, the Court issued an order to show cause to afford Plaintiff an opportunity to explain how the Court could find that he is too impoverished to pay the filing fee. Docket No. 4. Plaintiff filed a response indicating that, *inter alia*, (1) his gambling and travel expenses are covered by the casinos or are minimal, *see, e.g.*, Docket No. 5 at 3, and (2) Plaintiff has no income as CEO of his company, *id.* at 2.

## II.     STANDARDS

It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an *in forma pauperis* application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Hence, the Court may "look beyond the application to determine the financial condition" of the applicant. *O'Neal v. Denise*, 2018 WL 1100903, at *1 (D. Nev. Jan. 11, 2018) (quoting *Decosta v. Haw.*, 2010 U.S. Dist. LEXIS 134581, *1, n.1 (D. Haw. Dec. 20, 2010)). The Court may consider inconsistencies between the information in the *in forma pauperis* application and the plaintiff's complaint. *See, e.g.*, *Salat v. Wilson*, 2017 WL 4269958, at *2 (D. Nev. Sept. 26, 2017). The Court may rely on its familiarity with the local conditions in evaluating representations being made. *See, e.g.*, *Laub v. Queens Med. Ctr.*, 2019 WL 6619850, at *2 (D. Haw. Dec. 5, 2019) (rejecting assertion of minimal real estate value because "the Court is not oblivious to the cost of real estate in Hawaii").

When a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). When a plaintiff's *in forma pauperis* showing is inadequate, or it appears that he may be concealing information about his financial status, the Court may require a more robust showing and the filing of the "long form" application. *Khan v. Saul*, 2021 WL 711494, at *1 (D. Nev. Jan. 25, 2021).

## III. ANALYSIS

The Court is not satisfied with Plaintiff's showing of poverty. As a starting point, it is obvious from Plaintiff's own admissions that he is expending resources traveling and gambling. *See, e.g.*, Docket No. 1-2 at 58 ("I paid for a [hotel] room" at Harrah's Kansas City); Docket No. 5 at 3 (in addition to any "free play" gambling money provided by the casino, representing that "if I have some [money] of my own, I'll add that" to the gambling funds for the trip); *id.* ("At times I've gone with Frontier Airlines for under $50").[2] Given that Plaintiff has funds with which to gamble, the Court cannot find that he lacks the funds to pay the filing fee.

Moreover, the Court is not satisfied with Plaintiff's representations as to his income or assets. The Court is particularly troubled by Plaintiff's statements that are plainly contradicted by the record. For example, in his application to proceed *in forma pauperis*, Plaintiff attested on February 1, 2022, that he had not received money in the form of unemployment benefits in the preceding 12 months. *See* Docket No. 1 at 1 (failing to identify unemployment benefits during the 12 months preceding the signing of the application). Plaintiff elsewhere represents to the Court that he was in fact receiving unemployment benefits through September 5, 2021. Docket No. 5 at 3; *see also id* at 10. The picture painted by Plaintiff as to his financial situation is, at best, materially incomplete.[3]

---

[2] Plaintiff attempts to minimize the amount of money he spends gambling by indicating that casinos provide him complimentary gambling funds and lodging. *See, e.g.*, Docket No. 5 at 3-4. Plaintiff indicates that the Court was wrong when it indicated previously that gambling is not a free endeavor. *See* Docket No. 5 at 4; *see also* Docket No. 4 at 2 n.2. This courthouse is located in Las Vegas, Nevada, and the undersigned is not oblivious to the basic workings of the gaming industry. Casinos do not provide free lodging, food, or gambling funds on a whim; casinos bestow these "complimentary" items based on that particular gambler providing a return in the form of gambling losses. *See, e.g.*, *Harrah's Ent., Inc. v. Station Casinos*, 321 F. Supp. 2d 1173, 1174-75, 1177-78 (D. Nev. 2004) (addressing the use of a "theoretical win profile," through which a casino measures the "customer's value" to the casino (*i.e.*, the "amount of money a casino expects to win from a customer's play") in conjunction with the casino's reward system). The Court will not bury its head in the sand to accept uncritically the assertion that Plaintiff's frequent gambling endeavors involve only playing with house money.

[3] The discussion provided herein identifies examples of the Court's concerns and is not meant to be an exhaustive recitation of the problems with Plaintiff's attestation of poverty.

In short, the Court is not persuaded that Plaintiff's submissions as to his financial status are accurate and complete. While the Court will not recommend dismissal of the case at this juncture, it will instead require Plaintiff to file a complete recitation of his finances.

## IV. CONCLUSION

For the reasons discussed more fully above, the Court hereby **DENIES** without prejudice Plaintiff's application to proceed *in forma pauperis*.[4] In addition, the Court **ORDERS** as follows:

- Unless he has paid the filing fee, Plaintiff must file all of the following documentation to request to proceed *in forma pauperis*: (1) a fully completed "long form" (AO 239) application to proceed *in forma pauperis*; (2) a declaration signed under penalty of perjury identifying each visit to a casino Plaintiff made within the preceding 12 months, and identifying all lodging costs, food costs, and gambling wins or losses for that visit; (3) a 2021 win/loss statement for every casino that Plaintiff visited in 2021;[5] and (4) a partial 2022 win/loss statement for every casino that Plaintiff has visited in 2022, or a declaration attesting to the current unavailability of each such statement.
- Plaintiff must either pay the filing fee or file all of the above documents by July 22, 2022.
- The Clerk's Office is **INSTRUCTED** to mail Plaintiff a copy of the long form (AO 239) application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: June 22, 2022

Nancy J. Koppe
United States Magistrate Judge

---

[4] Because the Court is not approving Plaintiff's application to proceed *in forma pauperis*, it declines at this juncture to screen his complaint pursuant to 28 U.S.C. § 1915(e). In the event that Plaintiff renews his request to proceed *in forma pauperis* and in the event Plaintiff succeeds on that request, the Court will then determine whether Plaintiff's pleadings suffice to proceed through the screening phase.

[5] Caesars Rewards provides instructions on obtaining win/loss statements: https://caesarsrewards.custhelp.com/app/answers/detail/a_id/2228/~/caesars-entertainment---gaming-history-%28win%2Floss-statement%29 (last visited June 21, 2022).